IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LITL LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-689 (RGA) |
| | ) |
| LENOVO (UNITED STATES), INC. and | ) |
| LENOVO (BEIJING) LTD., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT LENOVO (BEIJING) LIMITED'S
ANSWERING BRIEF IN OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
cclark@mnat.com

OF COUNSEL

Martin R. Bader
Michael J. Hopkins
SHEPPARD, MULLIN, RICHTER &
  HAMPTON LLP
12275 El Camino Real
Suite 200
San Diego, CA  92130
(858) 720-8900

*Attorneys for Defendants*

Lai L. Yip
SHEPPARD, MULLIN, RICHTER &
  HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
(415) 434-9100

April 19, 2021

# **TABLE OF CONTENTS**

Page

I. PLAINTIFF'S MOTION FOR LEAVE SHOULD BE DENIED ......................................... 1

II. CAUSATION MUST BE PLED, AS WITHOUT IT, THERE'S NO INDUCEMENT ........ 1

III. THE CAUSATION THEORY WAS UNDISPUTED IN *POWER INTEGRATIONS* ........... 5

IV. CONCLUSION ............................................................................................................ 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Blackbird Tech LLC v. ELB Elecs., Inc.*,
 C.A. No. 15-056-RGA, 2020 WL 5409052 (D. Del. Sept. 9, 2020) ........................................4

*DSU Med. Corp. v. JMS Co., Ltd.*,
 471 F.3d 1293 (Fed. Cir. 2006)........................................................................................2, 4

*E.I. Du Pont de Nemours & Co. v. Heraeus Holding GmbH*,
 C.A. No. 11-773-SLR, 2012 WL 4511258 (D. Del. Sept. 28, 2012) ........................................4

*EMC Corp. v. Pure Storage, Inc.*,
 154 F. Supp. 3d 81 (D. Del. 2016)...........................................................................................1

*FO2GO LLC v. KeepItSafe, Inc.*,
 C.A. No. 18-807-RGA, 2019 WL 1615398 (D. Del. Apr. 16, 2019) ...................................3, 4

*Lucent Techs., Inc. v. Gateway, Inc.*,
 580 F.3d 1301 (Fed. Cir. 2009).................................................................................................4

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
 420 F.3d 1369 (Fed. Cir. 2005).................................................................................................3

*Merial Ltd. v. Cipla Ltd.*,
 681 F.3d 1283 (Fed. Cir. 2012).................................................................................................4

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
 843 F.3d 1315 (Fed. Cir. 2016)..................................................................................1, 4, 5, 6

*Ricoh Co., Ltd. v. Quanta Computer Inc.*,
 550 F.3d 1325 (Fed. Cir. 2008).................................................................................................4

*Takeda Pharm., U.S.A., Inc. v. W.-Ward Pharm. Corp.*,
 C.A. No. 14-1268-RGA-SRF, 2018 WL 6521922 (D. Del. Dec. 12, 2018)..................1, 2, 3, 4

*Water Techs. Corp. v. Calco, Ltd.*,
 850 F.2d 660 (Fed. Cir. 1988).................................................................................................5

**Rules and Statutes**

Fed. R. Civ. P. 12(b)(6)....................................................................................................................5

## I.  PLAINTIFF'S MOTION FOR LEAVE SHOULD BE DENIED

"[L]eave to file a sur-reply is granted *only* where the proposed brief responds to new evidence, facts, or arguments raised for the first time in the moving party's reply brief." *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 103 (D. Del. 2016).[1]  LiTL's motion does not satisfy this criteria.  Lenovo Beijing argued in its Opening Brief that alleging causation was required, and that causation was separate from intent.  *Compare* D.I. 34 § VI.A.1.a (section on *intent* to cause infringement) *with* § VI.A.1.b (separate section on *causation* itself).  If Lenovo Beijing had not argued that pleading causation was required, LiTL would not have attempted to rebut this in a standalone section titled, "Lenovo Beijing's Causation Arguments are Inappropriate At the Pleading Stage."  (D.I. 36, pp. i, 17.)

As for *Power Integrations*, the fact that Lenovo Beijing's view of it differs from LiTL's (incorrect) view does not merit a sur-reply.  If merely disagreeing about a case merited a sur-reply, that would invite a torrent of motions for leave to this Court—an impractical result inconsistent with the Court's "disfavor [of] sur-replies." *EMC*, 154 F. Supp. 3d at 103.

LiTL's motion for leave should be denied.

## II. CAUSATION MUST BE PLED, AS WITHOUT IT, THERE'S NO INDUCEMENT

LiTL does not dispute that causation is required for an inducement claim, but says it is "subsumed" within other requirements.  (D.I. 39-1, p. 3.)  What LiTL means by the word "subsumed" is unclear, but if it means that causation is part of an inducing act, that only reinforces that causation needs to be pled—i.e., LiTL must allege active steps that *cause* direct infringement.  (D.I. 34 § VI.A.1.b; D.I. 37 § III.A; *Takeda Pharm., U.S.A., Inc. v. W.-Ward Pharm. Corp.*, C.A.

---

[1] Emphasis added to quotations, and citations omitted, throughout brief.  Also, LiTL's motion does not include page numbers, so references to its page numbers are to ECF page numbers.

No. 14-1268-RGA-SRF, 2018 WL 6521922, at *3 (D. Del. Dec. 12, 2018) ("Inducement requires a defendant to take 'active steps' to induce a third party to infringe," but if "the active step has not caused infringement [then] inducement has not occurred.").) If by "subsumed" LiTL means that causation need not be pled at all, then it is wrong, as without causation, there is no inducing act. *Id.* Indeed, in *Sanofi v. Watson Labs. Inc.*, referred to by LiTL (D.I. 39-1, p. 3 n. 2), the Federal Circuit stated there must be a "connection between the [acts] and the [direct infringers'] infringement that is ***different*** from the two knowledge requirements [knowledge and specific intent] and is ***inherent*** in the word 'induce,'" and that is "purposeful-causation." 875 F.3d 636, 643-44 (Fed. Cir. 2017). LiTL has failed to allege such "purposeful-causation," as it has not alleged any acts by Lenovo Beijing that *cause* infringement.

LiTL appears to be hung up on whether causation needs to be pled as a separate "element." (D.I. 39, p. 1 (arguing that causation is not a "standalone element," "independent element," or "fourth, distinct element")). But Lenovo Beijing did not argue that causation needs to be pled as a separate "element," but that causation is a separate requirement from *intent*. (D.I. 37, p. 2 ("An inducing act that causes infringement is a separate requirement from intent.") (citing *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) ("The plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts [i.e., were actions that caused direct infringement] ***and*** that he knew or should have known his actions would induce actual infringements.").) The point here is that a plaintiff does not get a free pass on pleading causation just by pleading intent. But this is exactly what LiTL is trying to do. (*See* D.I. 36, pp. 8, 17 (arguing in one section that "LiTL Plausibly Pled ***Intent*** to Cause Infringement of the Asserted Patents," then arguing in a separate section that "Lenovo Beijing's Causation Arguments are Inappropriate At the Pleading Stage")). In any event, whether causation needs to be pled as a

2

separate "element" is a red herring, because LiTL has not pled causation at all. Moreover, whether one ascribes the label of "element" to causation is immaterial. Causation is a requirement of an inducement claim, whether it is called an "element" or not. *Takeda*, 2018 WL 6521922 at *2.

As LiTL notes, in *FO2GO*, the requirements for inducement are articulated as follows: "(1) there has been direct infringement, (2) the defendant knowingly induced infringement, and (3) the defendant possessed the intent to encourage another's infringement." *FO2GO LLC v. KeepItSafe, Inc.*, C.A. No. 18-807-RGA, 2019 WL 1615398, at *3 (D. Del. Apr. 16, 2019). At least the second requirement, that the defendant "induced infringement," inherently requires causation. *See Sanofi*, 875 F.3d at 643-44. In *FO2GO*, the inducing act was defendant's provision of the "majority of the claimed system to the customers," which "the customers complete [] when they use the accused instrumentality." 2019 WL 1615398, at *2. LiTL alleges no such facts here. Lenovo Beijing is not alleged to sell the "majority" of a claimed system to customers (or sell anything at all) that customers then use to "complete" infringement.

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, which LiTL appears to rely on, also supports a causation requirement. There, the Court said, "'In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement,' and 'second, that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" 420 F.3d 1369, 1378 (Fed. Cir. 2005). Thus, to plead inducement requires alleging that the defendant "induced infringement," which inherently requires alleging active steps that cause infringement. In *MEMC*, the alleged inducing act was that the foreign defendant sold the accused wafers abroad to Samsung. *Id.* at 1372, 1377-78. Samsung incorporated the wafers into end products and then directly infringed by importing those products into the U.S. *Id.* LiTL alleges no facts like that here.

*E.I. Du Pont de Nemours & Co. v. Heraeus Holding GmbH*, which LiTL attempts to distinguish, also supports a causation requirement. There, the Court stated that to "demonstrate inducement of infringement," the defendant "must 'knowingly induce[] infringement and possess[] specific intent to encourage another's infringement.'" C.A. No. 11-773-SLR, 2012 WL 4511258, at *4 (D. Del. Sept. 28, 2012) (quoting *DSU*, 471 F.3d at 1306) (brackets added by *Du Pont*). Again, to "induce[] infringement" inherently requires causation, i.e., active steps that cause direct infringement. In *Du Pont*, the defendants were alleged to manufacture the accused pastes in the U.S., but could not be held fully liable under a direct infringement theory because the asserted patent had only method claims. *See id.* at *1, *2. Here, LiTL asserts only system and apparatus claims and can obtain full recovery (to the extent any is appropriate at all) if it can prove its allegations of direct infringement against Lenovo U.S. (*See* D.I. 34 § VI.A.1.b; D.I. 37 § III.F.)

LiTL also fails in its attempt to distinguish *Takeda*. First, LiTL says causation is "subsumed" within the "three elements" of *Takeda*. But, as explained above, even if "subsumed," causation still needs to be alleged. Second, LiTL says *Takeda*, the cases it collects, and *DSU* are all "irrelevant to what is required at the pleadings stage" because none "involved a challenge to the pleadings." (D.I. 39-1, p. 3.) Yet ironically, one case *Takeda* collects is *Power Integrations* (*see id.* p. 3 n.1), which LiTL relies on to oppose Lenovo Beijing's pleading challenge. LiTL also relies heavily on numerous other cases that do not involve pleading challenges. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301 (Fed. Cir. 2009) (decision on appeal of denial of post-trial motions concerning jury verdict); *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325 (Fed. Cir. 2008) (decision on appeal of summary judgment); *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283 (Fed. Cir. 2012) (decision on appeal of judgment of contempt for violation of injunction); *Blackbird Tech LLC v. ELB Elecs., Inc.*, C.A. No. 15-056-RGA, 2020 WL 5409052 (D. Del.

4

Sept. 9, 2020) (decision on motion for summary judgment); *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660 (Fed. Cir. 1988) (decision on appeal of trial judgment); D.I. 36, pp. 1, 9-11, 18.

There is no reason that causation should not apply at the pleading stage. If LiTL cannot even *allege* a sufficient theory of causation, then whether it *proves* its insufficient theory at trial is irrelevant because the theory cannot sustain any finding of liability. This is precisely the kind of pleading failure that should be addressed and weeded out at the Rule 12(b)(6) stage.

### III.     THE CAUSATION THEORY WAS UNDISPUTED IN *POWER INTEGRATIONS*

As Lenovo Beijing's reply brief explained, the theory of causation in *Power Integrations* was that defendant Fairchild sold accused chips abroad to customers like HP, Acer, etc., which incorporated them into products sold in the U.S. (D.I. 37, p. 2.) Fairchild did not dispute the theory of causation. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) (noting that "Fairchild does not seriously dispute" that "the chips necessarily infringed" after "third parties [] import its controller chips into the United States"). Instead, Fairchild raised "three issues" with respect to the jury's induced infringement verdict, namely, whether "the verdict should be reversed because its foreign sales of and sales activities related to the infringing products cannot constitute specific **intent** to bring about infringement in the United States"; the propriety of a jury instruction; and whether certain interrogatories were required on the verdict form. *Id.* at 1329. When the Federal Circuit said, "Fairchild's appeal [] focuses on whether substantial evidence supports the jury's verdict that Fairchild actually induced third-party direct infringement" (*id.* at 1333), the court was referring to the first "issue" raised, i.e., **intent**. The next two sentences of the decision (which LiTL omits from its motion) confirms this:

> Fairchild explains that it sells its controller chips overseas into a worldwide distribution system with **no knowledge** of where its chips

5

> will ultimately end up. It contends that, because it sells the same chips for use in foreign and domestic markets, its sales activities are market agnostic and Power Integrations "marshaled no evidence that Fairchild took affirmative steps to encourage incorporation of the accused products into U.S.-bound products with the ***specific intent*** to induce infringement."

*Id.* The district court's order on Fairchild's motion for JMOL of no induced infringement also suggests that Fairchild's dispute on appeal was about intent:

> [I]nducement requires the patentee to prove direct infringement and "that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." According to Fairchild, Power failed to offer sufficient evidence that Fairchild: (1) ***knew*** its accused products were sold and imported in the United States; and (2) ***intended*** to cause or encourage any infringing acts by others in the United States.

935 F. Supp. 2d 747, 762 (D. Del. 2013).

LiTL argues that its "amended pleadings contain precisely the type of allegation against Lenovo Beijing that was found sufficient in *Power Integrations*." (D.I. 39, p. 3.) Not so. Lenovo Beijing is not alleged to sell any accused components abroad to customers who then incorporate them into end products sold in the U.S. Any such causal link—i.e., active steps that cause direct infringement—is missing from this case. Without such an inducing act, whether Lenovo Beijing's design activities are sufficient to allege "intent" is irrelevant. There can be no intent to induce when there is no inducement in the first place.

**IV.** **CONCLUSION**

For these reasons, LiTL's motion for leave to file a sur-reply should be denied.

6

|  |  |
|---|---|
| OF COUNSEL<br><br>Martin R. Bader<br>Michael J. Hopkins<br>SHEPPARD, MULLIN, RICHTER &<br>  HAMPTON LLP<br>12275 El Camino Real<br>Suite 200<br>San Diego, CA  92130<br>(858) 720-8900<br><br>Lai L. Yip<br>SHEPPARD, MULLIN, RICHTER &<br>  HAMPTON LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA  94111<br>(415) 434-9100<br><br>April 19, 2021 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Rodger D. Smith II*<br><br>Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>Cameron P. Clark (#6647)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>rsmith@mnat.com<br>cclark@mnat.com<br><br>*Attorneys for Defendants* |

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 19, 2021, upon the following in the manner indicated:

| | |
|---|---|
| Adam W. Poff, Esquire<br>Robert M. Vrana, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Michael A. Albert, Esquire<br>Eric J. Rutt, Esquire<br>Gerald B. Hrycyszyn, Esquire<br>Marie A. McKiernan, Esquire<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Avenue<br>Boston, MA  02210<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)